# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL GRECCO PRODUCTIONS, INC.,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 21-4907** |
| | : | |
| **AL DÍA NEWSPAPER, INC., et al.,** | : | |
| **Defendants.** | : | |

**McHUGH, J.**                                                                                 **February 13, 2023**

## MEMORANDUM

This is a copyright infringement matter with an elusive defendant. Seven months after the clerk entered default for Defendant Al Día Newspaper, Inc.'s failure to appear, plead, or otherwise defend in this case, Plaintiff Michael Grecco Productions, Inc., now moves for entry of default judgment. In light of the Defendant's refusal to participate in this litigation or otherwise communicate with Plaintiff, I will grant Plaintiff's motion and enter default against Defendant.[1]

**I.    Relevant Background**

Michael Grecco Productions, Inc., ("MGP") is a photography studio and California corporation owned and operated by photographer Michael Grecco, and is the corporate successor to Michael Grecco Photography, Inc. Compl. ¶ 6. MGP alleges that Al Día Newspaper, Inc. ("Al Día") is a multi-platform news organization that publishes content in English and Spanish on the Latino experience in the United States. *Id.* ¶ 14.

Among other images, MGP holds a copyright for several images of the band Sepultura taken by Michael Grecco in 1995. *Id*. ¶¶ 16-18. MGP registered the copyright for these images

---

[1] The Complaint also named "Does 1-5" as defendants in this matter, but Plaintiff only requests entry of default judgment against Al Día Newspaper, Inc.

in 2010, under copyright certificate number VA 1-431-698.  *Id.* ¶ 18; Compl. Ex. 1, ECF 1-1. MGP retains all rights to these images and licenses their use for a fee.  Compl. ¶ 19.

As part of its business, MGP uses a "system of routine copyright registration procedures . . . to combat content theft," and "spends time and money to actively search for hard-to-detect infringements" of its copyrighted material.  *Id.* ¶¶ 11-13.  MGP alleges that on February 26, 2021, Al Día published one of MGP's copyrighted images of Sepultura on its website, in conjunction with an article about the band.  *Id*. ¶ 20.  MGP alleges that Al Día failed to license the image before it was published.  *Id*. ¶ 21.  After discovering Al Día's use of the copyrighted image of Sepultura, counsel for MGP sent a demand letter to Al Día on July 14, 2021 noting the copyright infringement and offering to issue a back-license for its unauthorized use.  *See* Pl.'s Mot. Ex. 1, ECF 9-4.  On July 22, 2021, a deputy editor at Al Día responded that he had removed the infringing work from the article but referred further discussion of the issue to Al Día's CEO, Hernán Guaracao.  *See* Bellingham Decl., ECF 9-1 at ¶ 3.

After repeated follow-up inquiries failed to elicit a response from Al Día, MGP filed its Complaint in this action on November 5, 2021.  *See* Compl.  Although MGP's initial service of process on Al Día was defective, MGP properly effected service on January 24, 2022.  Al Día failed to respond or answer the Complaint, and on MGP's motion the Clerk entered default against Al Día on March 10, 2022.  When it moved for entry of default, MGP served the motion by mail and emailed Mr. Guaracao with the motion but received no response.  Bellingham Decl., ECF 9-1 at ¶ 12.  Since then, MGP has made several additional attempts to contact Guaracao and Al Día, including serving the order entering default by certified and first-class mail, sending a letter inviting settlement discussions, and leaving voicemails at Al Día's offices.  *Id.* at ¶¶ 14-19.

Al Día failed to respond to MGP through filings in this case or via other communication channels. As a result, MGP now seeks default judgment against Al Día.

## II.   Legal Standard

After entry of default, absent a clear sum certain, the party seeking default judgment must apply to the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(1)-(2). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

If a court decides to enter default judgment, factual allegations of the complaint are taken as true except those relating to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). For damages, a Court must conduct its own calculation of the appropriate amount of damages and "need not accept the plaintiff's representations on damages as true." *Thorn Flats, LLC v. BuildPro Constr. LLC*, No. CV 21-5412-KSM, 2022 WL 1720014, at *3 (E.D. Pa. May 26, 2022) (Marston, J.) (quoting *Tristrata Tech, Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 165 (D. Del. 2010)).

## III.   Discussion

### A.   MGP is entitled to default judgment.

Weighing these factors, I will enter default judgment in favor of MGP and against Al Día.

Under the first factor, MGP will continue to suffer harm absent the entry of default judgment, as MGP remains uncompensated for use of its copyrighted photograph of Sepultura. *See Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 542 (E.D. Pa. 2008) (Surrick, J.) (finding that copyright owners "have suffered quantifiable harm, and that they will continue to do so absent the entry of default judgment").

Second, because Al Día failed to appear or otherwise respond to MGP's claims, nothing in the record establishes any litigable defense. Al Día clearly used a photograph for which Plaintiff holds a copyright, but the parties never entered into a licensing agreement for use of the image. Compl. ¶¶ 16-22. Likewise, nothing suggests that the photograph at issue was in the public domain, that use of the photograph constituted fair-use, or that the photograph was otherwise unprotected by copyright law. *See Broad. Music, Inc.,* 555 F. Supp. at 542 (Surrick, J.) (finding lack of litigable defense and entering default judgment in copyright infringement action).

Third, Al Día is responsible for the delay in responding to this suit. MGP has repeatedly attempted to contact Al Día about this lawsuit via a process server, certified and first-class mail, and phone calls, but has received no response. This type of evasive conduct weighs heavily in favor of default judgment. Indeed, default judgment "is typically appropriate" when a defendant has failed to appear, "at least until the defendant comes forward with a motion to set aside the default judgment." *T & C Leasing Inc. v. BBMC*, LLC, No. CIV.A 1:09-CV-873, 2010 WL 231128, at *1 (M.D. Pa. Jan. 14, 2010) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)).

### B. MGP is entitled to damages, attorneys' fees, costs, and pre- and post-judgment interest.

I will award MGP statutory damages for the copyright violation, attorneys' fees, costs, and pre- and post-judgment interest. However, because the statutory damages sought are at the high end of the range that courts would typically award for this type of violation, I will only award statutory damages two times the actual damages arising from the copyright infringement.

*1. MGP is entitled to $7,872 in statutory damages.*

The Copyright Act allows recovery of actual damages or statutory damages in an infringement action. 17 U.S.C. § 504(a). Actual damages are treated as the default relief in copyright actions, but a copyright owner who registered the copyrighted work before the alleged infringement occurred may instead elect to recover statutory damages. *See id.* §§ 412, 504(c).

Courts have significant discretion in awarding statutory damages, so long as the award falls between $750 and $30,000 per infringement. *See id.* § 504(c)(1); *see also L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106-07 (1919) (noting that for damages in copyright cases, "the court's discretion and sense of justice are controlling"). In calculating statutory damages within this range, "courts generally consider: (1) the infringers' blameworthiness (willful, knowing, or innocent); (2) the expenses saved and the profits reaped by the defendants in connection with the infringement; (3) the revenues lost by the plaintiffs due to the defendants' conduct; and (4) the deterrent value of the damages imposed." *Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1261 (11th Cir. 2014) (citing *F.W. Woolworth Co. v. Contemporary Arts,* 344 U.S. 228, 229-30 (1952)).

Applying these factors, I find that MGP is entitled to statutory damages of $7,872.[2] MGP makes a compelling case that Al Día may have known they were improperly using copyrighted material given their role as a publisher, and the fact that Al Día has defaulted also marshals in favor of finding that their actions were willful. *See Broad. Music, Inc*., 555 F. Supp. at 537. MGP's lost profits are also easily identified, as MGP offers a license for the copyrighted image for $3,936.

---

[2] MGP meets the registration requirement for an award of statutory damages, as they registered the copyright for the image at issue in 2010. *See* Compl. ¶ 18.

Nonetheless, I see no reason to award five times MGP's actual damages.  The argument that Al Día acted willfully is undercut by their immediate removal of the photograph, and the profits reaped from including a photograph with the online article (versus not including a photograph) are not readily apparent.  I will therefore award two times the amount of MGP's actual damages.  *See EMI Mills Music, Inc. v. Empress Hotel, Inc.*, 470 F. Supp. 2d 67, 75 (D.P.R. 2006) (noting that "courts routinely compute statutory damages . . . between two to six times the license fees defendants 'saved' by not obeying the Copyright Act").

> 2. *MGP is entitled to attorneys' fees and costs.*

Courts may award reasonable attorneys' fees to the owner in a copyright action where the owner prevails, subject to the same pre-registration requirement as statutory damages.  17 U.S.C. §§ 412, 505; *see also All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 629 (S.D.N.Y. 2011) (awarding attorneys' fees where court granted default judgment to copyright owner).  A district court may not award attorneys' fees under § 505 as a matter of course and must instead "make a more particularized, case-by-case assessment."  *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016).  "Several factors guide the exercise of discretion in this context, including 'frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence.'"  *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 403 (3d Cir. 2016) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

The facts of this case weigh in favor of awarding attorneys' fees, as MGP's claim of copyright infringement clearly has merit.  I am further satisfied that MGP's counsel has provided sufficient evidence of the services he provided to justify the requested fee amount.  *See* Pl.'s Ex. 22, ECF 9-25.  As such, I will award MGP $17,170.00 in attorneys' fees.

I will also award MGP $440.00 in costs. *See* 17 U.S.C. § 505 (granting court discretion to award full costs to any party in copyright actions).

> 3. *MGP is entitled to pre-judgment and post-judgment interest.*

Courts have discretion to award pre-judgment interest in copyright cases, though if such interest is denied, "the District Court must explain why the usual equities in favor of such interest are not applicable." *Leonard*, 834 F.3d at 397 (quoting *Pignataro v. Port Auth. of N.Y. and N.J.*, 593 F.3d 265, 274 (3d Cir. 2010)); *see also Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 717 n.14 (9th Cir. 2004) (noting that courts award pre-judgment interest for both actual damages and statutory damages in copyright actions). Principles of fairness support awarding pre-judgment interest here, in light of delays in this case caused by Al Día, and I will award $236.11 in such interest based on the formula provided in MGP's memorandum. *See* Pl.'s Mem., ECF 9, at 15-16 (identifying relevant federal discount interest rates for the pre-judgment period).

I will also grant MGP's request for post-judgment interest. An award of post-judgment interest is mandatory in civil cases under 28 U.S.C. § 1961(a), and the applicable interest rate is set by the statute. I additionally note that post-judgment interest will be calculated based on the entire award, including pre-judgment interest, attorneys' fees, and costs. *See Eaves v. Cnty. of Cape May*, 239 F.3d 527, 530 (3d Cir. 2001).

**IV.     Conclusion**

For the reasons set forth above, I will grant Plaintiff's request for default judgment and award statutory damages, attorneys' fees and costs, and pre- and post-judgment interest. An appropriate order follows.

   /s/ Gerald Austin McHugh
United States District Judge